SARTAIN, Judge.
James Robert Thomas, age 17, was injured when the Honda motorcycle he was driving collided with a Ford pick-up truck owned by defendant, I. N. Cutrer.
Plaintiff, Lonie McCain Thomas, the natural tutrix of young Thomas, instituted this action against Cutrer, his liability insurer, Allstate Insurance Company, and Delmar Gill, an employee of Cutrer. The trial judge found that Gill was negligent but that young Thomas was guilty of contributory negligence which barred recovery on his behalf. Plaintiff now appeals from this adverse judgment.
The findings of fact of the trial judge and his conclusions of law based thereon are succinctly stated in his reasons for judgment which we quote with approval:
FINDINGS OF FACT
“II.
The evidence shows that the accident occurred on July 18, 1966 at approximately 2:00 p. m. The weather was dry and clear. J. (sic) N. Cutrer owned a 1954 Ford pick-up truck, and on the date of the accident he was in the process of hauling hay in the truck from a farm near Enon. The hay was being placed iu a Darn located on the north side of the middle-Franklinton highway approximately 21^ miles west of the city limits At the point of the accident the middle-Franklinton highway is a 2-lane blacktop highway which runs generally in an east-west direction. Mr. Cutrer had hired Delmar Gill to assist him in hauling the hay. They had proceeded to Enon to pick up a load of hay and were coming back to unload the hay at the barn which required them to travel in a westerly direction on the middle-Franklinton highway. Delmar Gill was driving. Since Mr. Gill was operating the Cutrer truck in a (sic) easterly direction it was necessary for the truck to traverse the west bound lane of the highway in order to reach the barn. To accomplish this maneuver, and to back the load of hay up to the barn for unloading, Mr. Gill proceeded easterly past the roadway leading to the barn, stopped the truck, and then backed it across the highway to enter the road to the barn. *****
Located east of the barn where the backing maneuver was taking place there is a curve, which curves to the left for vehicles travelling from the east to the west. Immediately prior to the accident James Robert Thomas was proceeding in a westerly direction on the middle-Frank-linton highway on a 1966 motor-bike. He traversed the curve and collided with the left side of the Cutrer truck resulting in the injuries for which this suit for damages was brought.
From the above circumstances the Court is firmly convinced that Delmar Gill was guilty of negligence, and being in the *699 employ of J. (sic) N. Cutrer at the time of the accident, the negligence is attributable to Mr. Cutrer. In cases too numerous for citation the Courts of this state have held that a left turn is a (sic) extremely dangerous maneuver, and the party making such is held to a high degree of care. The maneuver being made here was even more dangerous since it amounted to a backing left turn with a vehicle loaded with hay. Even if the road had been straight the Court believes it would be incumbent on the owner, and driver to make some effort to warn traffic of the impending maneuver, which admittedly was not done in this case. The Court believes that the failure to do so fails to comform (sic) to the standard of what a reasonably prudent person would have done under the circumstances.
The more serious question presented to this Court is whether James Robert Thomas was guilty of any contributory negligence. It is plaintiffs (sic) contention that the place where the backing maneuver was taking place was in such close proxmity (sic) to the curve that a vehicle approaching the obstructing truck from the east at a reasonable rate of speed and keeping a proper look-out would not be able to avoid striking the truck upon viewing it for the first time that it could be viewed because of the curve. In order to establish this contention plaintiff called witnesses who testified that immediately prior, and immediately after the accident they traversed the same curve which plaintiff traversed, and on being met with the Cutrer truck obstructing the roadway they avoided an accident only by swerving to the left even though in doing so they were risking collision with on coming vehicles which they could not see. In addition they testified that there was no possibility of seeing the obstruction through the inside of the curve because of bushes and underbrush growing on the south side of the highway.
In spite of the above testimony, however, which the Court has no doubt is true, the question remains as to how close a vehicle would have to be to the obstructing truck before the truck could be seen, and would that distance allow a reasonably prudent person keeping proper look-out to observe the obstruction and take reasonable steps to avoid the accident.
The testimony is in agreement that the truck was observable by vehicles travel-ling west when the vehicle reached the approximate middle of the curve. The only evidence introduced by the plaintiff to show the distance from the middle of the curve to the place where the truck was located were estimates of distance, including that of the state trooper who investigated the accident, and estimated the distance to be 250 feet.
On the other hand the defendant introduced testimony of Lionel Faris, (sic) and (sic) adjustor with Allstate, and Delmar Gill to the effect that they had tape measured the distance from in front of the barn where the truck was located to the middle of the curve and found the distance to be 600 feet. The Court does not feel justified in accepting estimates of witnesses which, though conscientiously given are prone to error, over positive testimony as to the actual distance involved reached by measurements with a tape. The Court therefore finds as a fact that when approaching the obstructing truck from the east, James Robert Thomas could have observed the truck had he been keeping a proper lookout, when he was a distance of 600 feet therefrom.
This conclusion of fact having been reached the remaining question is whether James Robert Thomas was negligent in failing to observe the obstructing truck and avoid the accident. The Court believes that under the circumstances there was ample room for James Thomas to stop his motorbike and *700 avoid the accident had he been keeping a proper look-out, and he was negligent in failing to do so. In LABORDE V. GAGNARD, [La.App.] 50 So.2d 133, the plaintiff was found to be negligent for failing to observe a gravel truck which he could have observed for 350 feet as he rounded a curve. In KING V. RISDON & W. E. HOLOMAN LUMBER CO., [La.App.] 76 So.2d 548. the plaintiff was found negligent in failing to observe the lights of a vehicle disabled in the roadway where the Court found as a fact the lights could have been observed when plaintiff was 500 feet therefrom. Based on this Courts (sic) findings that James Thomas could have seen the obstructing truck when 600 feet therefrom, the Court is of the opinion that James Robert Thomas was guilty of contributory negligence which bars his recovery herein.”
Counsel for plaintiff very strenuously argues that the judge a quo committed manifest error in accepting the testimony of defendants’ “paid” adjustor over the testimony of three of plaintiff’s principle witnesses. They were Mrs. Ouida L. Williams, Trooper Jim Austin and Bruce Thomas. The sum and substance of their testimony is to the effect that they were unable to see the pick-up truck until they were right on it. Their estimates of this distance range from 150 to 200 feet. Yet they admitted that the Cutrer vehicle could be observed from a point located near the center of the curve.
The trial judge felt, as he stated, that plaintiff’s witnesses were conscientious in their estimates but that these estimates must yield to the positive testimony of Mr, Farris who actually measured the distances with a tape. Therefore, it is not a question of credibility but one of weight. Under these circumstances, we are not in a position nor are we inclined to upset or set aside the findings of fact of the district judge.
Accordingly, for the above and foregoing reasons the judgment of the district court is affirmed at appellant’s costs.
Affirmed.